Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 04 C 4152 | DATE | Oct. 29, 2004 |
| CASE TITLE | Sharon Matuszak v Anesi, Ozmon,, Rodin, Novak & Kohen, Ltd. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Hearing
(5) ☐ Status hearing
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]

Memorandum opinion and order entered. Defendant Unum's motion to dismiss is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | NOV 01 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | GMA | 11 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 2004 OCT 29 AM 10:06 | date mailed notice | |
| GS | courtroom deputy's initials | FILED- | mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SHARON MATUSZAK, )
)
Plaintiff, )
)
v. ) No. 04 C 4152
)
ANESI, OZMON, RODIN, NOVAK, & ) Judge Robert W. Gettleman
KOHEN, LTD. LONG TERM DISABILITY )
PLAN, and UNUM LIFE INSURANCE )
COMPANY OF AMERICA, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Sharon Matuszak brings this action under §502(a)(1)(B) of the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), alleging that she was wrongfully denied disability benefits under the Anesi, Ozman, Rodin, Novak, & Kohen, Ltd. Long Term Disability Plan (the "Plan"). Plaintiff names as defendants the Plan and Unum Life Insurance Company of America ("Unum"). Unum is the underwriter of the insurance coverage under the Plan and the claims administrator. Pursuant to Fed. R. Civ. P. 12(b)(6), Unum has moved to dismiss plaintiff's claims, arguing that the Plan is the only proper party defendant in an action to recover benefits. For the reasons discussed below, Unum's motion is granted.

## FACTS

Matuszak was employed by Anesi, Ozman, Rodin, Novak, & Kohen Ltd. ("Anesi") as a legal secretary for approximately twenty years. As an Anesi employee Matuszak received

1

coverage under the Plan, which is an "employee welfare benefit plan." By the express terms of the Plan, as described in the summary plan description, Anesi is the plan administrator, and Unum is the claims administrator and claims fiduciary.

On April 9, 2003, Matuszak stopped working due to a degenerative disk disease of the cervical and lumbar spine, spinal stenosis, and cervical radiculopathy. Plaintiff alleges that she has been receiving treatment for these conditions since 1993, and that as of April 2003 she was disabled from work of any kind. After she stopped work, Matuszak submitted a claim to Unum for benefits under the Plan, which was denied. Matuszak appealed the denial to Unum, and her appeal was also denied, based on Unum's finding that she was not disabled. Matuszak then filed the instant lawsuit, seeking recovery of disability income benefits.

## DISCUSSION

Defendant Unum has moved to dismiss all claims against it pursuant to Fed. R. Civ. P. 12(b)(6), arguing that the Plan is the only proper party in an action to recover disability benefits under §502(a)(1)(B). For the purposes of a motion to dismiss, the court accepts all well-pleaded allegations as true and draws all reasonable inferences in favor of the plaintiff. Travel All Over the World, Inc. v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1428 (7th Cir. 1996). The consideration of a Rule 12(b)(6) motion is generally restricted to the pleadings, which include the complaint and any attached exhibits. Thompson v. Illinois Dep't of Prof. Regulation, 300 F.3d 750, 753 (7th Cir. 2002).

The Seventh Circuit has held explicitly that the plan is the proper defendant in an action to recover benefits, and has "continually noted that 'ERISA permits suits to recover benefits only against the plan as an entity.'" Neuma, Inc. v. AMP, Inc., 259 F.3d 864, 872 n.4 (7th Cir. 2001),

2

quoting Jass v. Prudential Health Care Plan, Inc., 88 F.3d 1482, 1490 (7th Cir. 1996). The Seventh Circuit's most recent opinion on the subject followed this reasoning, noting that an insurance company acting as claims administrator was an improper party to an action to recover benefits under ERISA and attributing the insurance company's decision-making process to the plan. Blickenstaff v. R.R. Donnelley & Sons Short Term Disability Plan, 378 F.3d 669, 672 n.1 (7th Cir. 2004).

In response to the general prohibition on non-plan defendants, plaintiff cites to two Seventh Circuit opinions[1] that have permitted employers to be named as defendants, Mein v. Carus Corp., 241 F.3d 581 (7th Cir. 2001), and Riordan v. Commonwealth Edison Co., 128 F.3d 549 (7th Cir. 1997), and argues for an extension of the narrow exception they created. These cases, however, are distinguishable, and the court declines to expand the exception. First, the plaintiffs in Mein and Riordan sued their employers, not the plans. Second, the Seventh Circuit allowed the employer to be sued because "the employer and the plan were "closely intertwined" or that "the exact relationship between [the employer] and the plan is not clearly set out in the plan documents." Mein, 241 F.3d at 585; Riordan, 128 F.3d at 551. Neither case stands for the proposition that, absent confusion or ambiguity about the identity of the plan, a plaintiff may sue both the plan and the third-party insurer. In the instant case, Unum and the Plan are not confusingly intertwined, there is no ambiguity in the summary plan description that the Plan is the plan administrator and Unum is the claims administrator, and plaintiff has named the Plan as a defendant in the case.

---

[1]Plaintiff also cites to several decisions from other circuits, but the court is bound by the Seventh Circuit's approach in this matter.

Plaintiff also cites to several district court opinions suggesting that a plaintiff can proceed against an insurer. Madaffari v. Metrocall Companies Group, No. 02 C 4201, 2004 WL 1557966 (N.D.Ill. July 6, 2004); Penrose v. Hartford Life and Accident Ins. Co., No. 02 C 2541, 2003 WL 21801214 (N.D.Ill. Aug. 4, 2003). Penrose is inapposite here because the plaintiff in Penrose was unable to identify the plan, which was therefore not a party, and the policy did not identify a plan administrator. 2003 WL 21801214, at *3. In reviewing the caselaw, the Penrose court noted that where the plan is a defendant, claims against other defendants are "superfluous." Id. at *2. Madaffari denied an insurance company's motion to dismiss, but the court is not persuaded by the Madaffari court's reasoning, which relies heavily on a dissent in a Ninth Circuit opinion. Further, subsequent to Madaffari, the Seventh Circuit's most recent opinion on the subject, Blickenstaff, which plaintiff does not cite, reaffirmed its earlier holdings that non-plan defendants are generally improper parties in suits to recover benefits. Blickenstaff, 378 F.3d at 672 n.1.

Plaintiff alleges that Unum is the de facto plan administrator because Unum decides whether to grant benefits and controls the administration of all claims processing. Under the plain language of ERISA, however, the "administrator" is "the person specifically so designated by the terms of the instrument under which the plan is operated. 29 U.S.C. §1002(16)(A)(i). Further, the Seventh Circuit rejected a similar argument in Blickenstaff, noting that the insurer and claims administrator was an improper party to the action to recover benefits, even though, as in the instant case, the insurance company, as claims evaluator, collected the plaintiff's medical information, communicated with her doctors, made all determinations with regard to the plaintiff's benefits eligibility, and communicated these decisions to the plaintiff. 378 F.3d at 672

4

n.1. Plaintiff cites to no Seventh Circuit authority in support of her argument that an allegedly de facto plan administrator may be liable when the actual plan administrator is clearly identifiable and named.

Lastly, plaintiff argues that because the Plan is underwritten by Unum, she cannot recover fully from the Plan. The court disagrees. The presence of the Plan in this case is sufficient for plaintiff to recover all possible relief. See, e.g., Bahnaman v. Lucent Technologies, Inc., 219 F. Supp.2d 921, 923 (N.D.Ill. 2002) (noting that "even if a claim for denial of benefits could also be brought against [the employer], the [plan's] presence in the case if sufficient for plaintiffs to obtain all possible relief."). If the Plan here is found to have improperly denied benefits to plaintiff, the Plan will be liable for any damages awarded to plaintiff.[2]

## CONCLUSION

For the reasons stated above, defendant Unum's motion to dismiss is granted. A status hearing is set for November 17, 2004, at 9:00 a.m.

**ENTER:** October 29, 2004

_____
**Robert W. Gettleman**
**United States District Judge**

---

[2]The court notes that if the Plan determines that Unum's decision to deny benefits to plaintiff was incorrect, it may file a third-party complaint against Unum.

5