IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHARON MATUSZAK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04 C 4152 |
| | ) | |
| ANESI, OZMON, RODIN, NOVAK, & | ) | Judge Gettleman |
| KOHEN, LTD. LONG TERM | ) | |
| DISABILITY PLAN, | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT INITIAL STATUS REPORT

Pursuant to the minute order of Judge Robert W. Gettleman the parties, plaintiff Sharon Matuszak and defendant, Anesi, Ozmon, Rodin, Novak, & Kohen, LTD. Long Term Disability Plan ("Plan") submit this initial status report in the above-referenced case.

### I.     The Nature of the Case

#### A.     Attorneys

Attorneys for the plaintiff are David A. Bryant and the law firm of Daley, DeBofsky & Bryant. Mr. Bryant is the lead trial attorney.

Attorneys for the defendant are Michael J. Smith, Warren Von Schleicher and Steven R. McMannon of the law firm of Michael J. Smith & Associates. Mr. Smith is the lead trial attorney.

#### B.     Basis for Federal Jurisdiction

Jurisdiction of the court is based upon the Employee Retirement Income Security Act of 1974 (ERISA); and in particular, 29 U.S.C. §§1132(e)(1) and 1132(f). In addition, the action may be brought before the court pursuant to 28 U.S.C. §1331.

### C.      Nature of Claims Asserted and Any Counterclaims

This is an action seeking recovery of benefits pursuant to a long term disability benefit plan administered by the Plan Administrator.   The action is brought pursuant to §502(a)(1)(B) of ERISA (29 U.S.C. §§1132(a)(1)(B).

Defendant brings no counterclaims at this time.

### D.      Major Legal and Factual Issues

Plaintiff brings an ERISA action to recover long-term disability benefits allegedly payable under the Plan for the benefit of employees of Anesi, Ozmon, Rodin, Novak and Kohen, where plaintiff was employed as a legal secretary until April 21, 2003 when plaintiff ceased working allegedly due to degenerative disk disease, shoulder pain, carpal tunnel syndrome and recurrent headaches.  Plaintiff has not engaged in any substantial gainful activity since that date.  The Plan Administrator denied plaintiff's request for disability benefits.  Plaintiff appealed; and filed suit following the exhaustion of the appeals process.

The primary factual issues center around whether plaintiff suffered from a "disability" as defined under the policy, and whether the Plan administrator discharged its duties with respect to the Plan in accordance with the documents governing the Plan.  In brief, to be entitled to benefits, the policy requires that plaintiff to show for the first 24 months of disability that a participant is "limited from performing the material and substantial duties of [her] regular occupation due to sickness or injury." After 24 months,

2

a participant will be deemed disabled if he/she "[is] unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience." An analysis of plaintiff's medical condition and her resulting limitations at the time of the Plan Administrator's determination, based upon a review of all documentation in disability claim file, is thus required.

      **E.    Relief Sought by Plaintiff**

As stated in the complaint, plaintiff seeks judgment in her favor and against the defendant and that the court order defendant: (1) to pay disability income benefits to plaintiff in an amount equal to the contractual amount of benefits to which she claims entitlement; (2) to pay plaintiff prejudgment interest on all benefits that have accrued prior to the date of judgment at a rate of 9% in accordance with 215 ILCS 5/357.9; and (3) to continue paying plaintiff benefits so long as she continues to meet the Plan requirements for payment of benefits and (4) award plaintiff attorney's fees pursuant to 29 U.S.C. §1132(g). Defendant believes that plaintiff is not entitled to any relief.

**II.    Pending Motions and Case Plan**

      **A.    Pending Motions**

There are no pending motions before the court.

      **B.    Proposed Discovery Plan**

          **1.    Type of Discovery Needed**

The parties disagree regarding the need for and proper extent of discovery.

              **a.    Defendant submits that discovery is not necessary in this administrative review proceeding.**

Defendant submits that because this is an action seeking judicial review of the denial benefits under an ERISA plan, in which an extensive administrative record has

3

been formed, and discretion to determine benefits has been granted to the Plan Administrator, no discovery is needed or permitted under the law.  In fact and under the law, the relevant information is contained entirely within the administrative record and the Plan documents.  Thus, defendant proposes that no discovery be conducted and contends that no discovery is permitted.  Defendant proposes that the parties stipulate to the administrative record and submit a copy of that record to the plaintiff by January 31, 2005.  Defendant proposes that the parties file cross-motions for summary judgment on April 15, 2005 and that no trial on the merits will be necessary.

    **b.**  **Plaintiff submits that discovery is necessary.**

    Plaintiff believes that limited discovery will be required in relation to plaintiff's medical condition and her restrictions and limitations, as well as defendant's decision to deny disability benefits but for the mental processes of the claims fiduciary.   Plaintiff also believes depositions may be necessary.

    In the event that the Court allows discovery in this matter, the parties agree to the following discovery schedule.

    **2.**  **Date for Rule 26(a)(1) Disclosures**

Monday, January 31, 2005.

    **3.**  **Fact Discovery Completion Date**

    If discovery is allowed, all discovery, both written and oral, shall be completed by March 15, 2005.

    **4.**  **Expert Discovery Completion Date**

    If expert discovery is allowed, plaintiff's expert designations and relevant discovery shall be completed by March 15, 2005.  Defendant will have until 30 days thereafter for expert designations and relevant discovery.

4

**5.    Dispositive Motion Filing Date**

The parties agree that cross motions for summary judgment will be filed on April 15, 2005

**6.    Final Pretrial Order Filing Date**

The parties submit that this suit will likely be decided on cross-motions for summary judgment or, in the alternative, seeking findings of fact and conclusions of law in accordance with Federal Rule of Civil Procedure 52. The parties request that the Court defer formulation of a trial schedule until after ruling motions for summary judgment.

**C.    Trial**

**1.    Jury Trial**

No jury trial is requested.

**2.    Probable Length of Trial**

Plaintiff submits that in the unlikely event that this case goes to trial, the trial will last no longer than four days.

Defendant submits that no trial on the merits will be necessary.

### 3. When Case Ready for Trial

In the unlikely event that this case goes to trial, the parties would be ready for trial 60 days following ruling on motions for summary judgment.

## III. Consent to Proceed Before Magistrate Judge

The parties do not unanimously consent to proceed before a Magistrate Judge at this time.

## IV. Status of Settlement Discussions

### A. Whether Settlement Discussions Have Occurred

At Defendant's request, Plaintiff has tendered a settlement demand. Defendant has yet to submit an offer to Plaintiff. Defendant intends to submit an offer soon.

Respectfully Submitted,

_____
Attorney for Plaintiff
Sharon Matuszak

_____
Attorney for Defendant
Anesi, Ozmon, Rodin, Novak and
Kohen, LTD. Long Term Disability
Plan

David A. Bryant
Daley, DeBofsky & Bryant
One N. LaSalle St., Suite 3800
Chicago, Illinois 60602

Michael J. Smith
Steven R. McMannon
Michael J. Smith & Associates
39 S. LaSalle St., Suite 305
Chicago, Illinois 60603

Dated: December 10, 2004

6

## <u>CERTIFICATE OF SERVICE</u>

David A. Bryant an attorney, certifies that she caused a true and correct copy of

the foregoing Initial Status Report to be served upon:

Michael J. Smith
Steven R. McMannon
Warren Von Schleicher
Michael J. Smith & Associates
39 S. LaSalle St., Suite 305

by having same placed in a properly addressed, postage prepaid envelope and deposited in the U.S. Mail at One N. LaSalle St., Chicago, Illinois this 10th day of December, 2004.

James R. Comerford
David A. Bryant